UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00176-RGK-SHK | Date | April 9, 2019 |
|---|---|---|---|
| Title | *FARELAS et al v. HIJAZI et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Remand (DE 18)

## I. INTRODUCTION

On April 5, 2018, Silvia Farelas, David Farelas, and the Estate of Adine Farelas ("Plaintiffs") filed a first amended complaint ("FAC") for seven state law claims arising out of a fatal plane crash at the Riverside Municipal Airport (the "Airport"). The FAC names twelve defendants, including air traffic control operator Serco Inc. ("Serco"). Plaintiffs' claims against Serco are for negligence, negligent infliction of emotional distress, wrongful death, and a survivor's action.

Serco removed this action to federal court pursuant to 28 U.S.C. § 1442(a), commonly known as the Federal Officer Removal Statute. Presently before the Court is Plaintiffs' Motion to Remand (DE 18). For the following reasons, the Court **denies** the Motion.

## II. FACTUAL BACKGROUND

Pursuant to a contract with the Federal Aviation Administration ("FAA"), Serco is responsible for air traffic control operations at the Airport. At all relevant times, Serco employed air traffic controller Darrell Bloomer ("Bloomer").

On February 27, 2017, Silvia Farelas, Adine Elaine Farelas, Nouri Hijazi, Danuta Hijazi, and Stacey Pierce boarded a small airplane at the Airport. Nouri Hijazi (the "Pilot") was the pilot of the aircraft bound for San Jose. Bloomer communicated with the Pilot as the aircraft approached the active runway. Plaintiffs allege that Bloomer had to repeat his taxi instructions several times because the Pilot was confused and disoriented. Nonetheless, Bloomer then cleared the aircraft for takeoff.

The aircraft ascended for some time, but then suddenly descended toward the ground. It crashed into a residential home, killing the Pilot and three of the four passengers on board.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-00176-RGK-SHK | Date | April 9, 2019 |
|---|---|---|---|
| Title | *FARELAS et al v. HIJAZI et al* | | |

## III.  JUDICIAL STANDARD

Under 28 U.S.C. § 1442(a) (the "Federal Officer Removal Statute"), an action may be unilaterally removed by "any officer (or any person acting under that officer) of the United States or any agency thereof . . . for or relating to any act under color of such office." *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). The Federal Officer Removal Statute thereby allows for removal regardless of nonfederal defendants or claims. *Dillon v. State of Miss. Military Dept.*, 23 F.3d 915, 919 (5th Cir. 1994).

Federal courts do not interpret § 1442 removal as strictly as § 1441. *Durham*, 445 F.3d at 1252. To the contrary, the Ninth Circuit has held that § 1442 must be interpreted broadly "in favor of removal." *Id.* The rationale behind this liberal construction is that "[i]f the federal government can't guarantee its agents access to a federal forum if they are sued or prosecuted, it may have difficulty finding anyone willing to act on its behalf." *Id.* at 1253.

Once a plaintiff factually attacks the jurisdictional allegations, however, the defendant must provide competent proof of those facts establishing the district court's jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1116 (9th Cir. 2014). The defendant must demonstrate "by a preponderance of the evidence" that removal jurisdiction is proper. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

## IV.  DISCUSSION

For removal to be proper under the Federal Officer Removal Statute, Serco must demonstrate that (1) it is a person within the meaning of the statute; (2) there is a causal nexus between its actions and plaintiff's claims, taken pursuant to a federal officer's directions; and (3) it can assert a colorable federal defense. *Durham*, 445 F.3d at 1251; *see also* 28 U.S.C. § 1442(a). As to the first factor, Serco is likely a person under the Federal Officer Removal Statute, and Plaintiffs concede as much. *See Yocum v. CBS Corp.*, No. 17-01061 SJO (AJWx), 2017 WL 8231363, at *4 (C.D. Cal. May 1, 2017).

As to the second and third factors, however, Plaintiffs contend that Serco fails to establish both the causal nexus and colorable defense requirements. Additionally, Plaintiffs argue that Serco does not satisfy the procedural requirements for removal. As discussed below, the Court finds that Serco satisfies its burden for removal.

### A.  Causal Nexus to Conduct Taken Pursuant to a Federal Officer's Directions

Under 28 U.S.C. § 1442(a), there must be a causal nexus between Serco's conduct while acting under the FAA's direction and Plaintiffs' claims. *See* 28 U.S.C. § 1442(a)(1); *see also Durham*, 445 F.3d at 1251. The causal nexus determination is a relatively undemanding one. *See Goncalves By and Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244–45 (9th Cir. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00176-RGK-SHK | Date | April 9, 2019 |
|---|---|---|---|
| Title | *FARELAS et al v. HIJAZI et al* | | |

Because the acts at issue occurred while Serco was performing its official duties, the causal connection is satisfied. *See id.; see also Maryland v. Soper*, 270 U.S. 9, 33 (1926) ("It is enough that [a defendant's] acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution.").

The next inquiry is whether Serco was acting under the direction of the FAA. The Supreme Court has held that the phrase "acting under" refers to "an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007) (emphasis in original). This statutory phrase describes "a relationship typically involv[ing] subjection, guidance, or control." *Id.* at 151. Mere compliance with federal regulations, "even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored," does not fall within the scope of the statute. *Id.* at 153.

Here, Serco acted under the direction of the FAA to the point of "subjection, guidance or control." *Id.* at 151. Rather than providing general responsibilities or even detailed regulations, the FAA's Air Traffic Control Manual sets forth comprehensive protocols and instructions for air traffic controllers to follow. (McCann Decl. ¶ 14, ECF No. 2.) Air traffic controllers must adhere to these precise instructions, including using specific procedures and terminology. In fact, there is a section in the Manual entitled, "PILOT ACKNOWLEDGMENT /READ BACK," which sets forth the operational instructions for the exact event that describes Plaintiffs' claims. (McCann Decl. Ex. F., at 4.)

Accordingly, Bloomer was acting under the direction of the FAA because of the "detailed specifications" in the Manual. *See Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 399–400 (5th Cir. 1998). Whether Bloomer acted outside the scope of or inconsistently with the FAA's mandate is a question "for the federal—not state—courts to answer." *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014) (quoting *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 138 (2d Cir. 2008)).

The Court finds that the second element of the Federal Officer Removal Statute is satisfied.

**B.      Colorable Federal Defenses**

Plaintiffs argue that Serco's asserted defenses—namely, federal preemption and derivative sovereign immunity—are not colorable. As discussed below, Serco has presented a colorable preemption defense. Therefore, the Court need not address the defense of derivative sovereign immunity.

Implied preemption exists where "the scope of the statute indicates that Congress intended federal law to occupy the legislative field, or [] there is an actual conflict between state and federal law." *Altria Group, Inc. v. Good*, 555 U.S. 70, 76–77 (2008). Serco argues both conflict and field preemption based on federal standards concerning aviation safety. (Notice of Removal ¶¶ 34–35, ECF No. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00176-RGK-SHK | Date | April 9, 2019 |
|---|---|---|---|
| Title | ***FARELAS et al v. HIJAZI et al*** | | |

According to the Ninth Circuit, "federal law occupies the entire field of aviation safety." *Montalvo v. Spirit Airlines*, 508 F.3d 464, 473 (9th Cir. 2007). "The FAA, together with federal air safety regulations, establish complete and thorough safety standards for interstate and international air transportation that are not subject to supplementation by, or variation among, states." *Id.* at 474. Given the *Montalvo* decision, the Court is satisfied that Selco has "prove[d] by a preponderance of the evidence" that its preemption defense is colorable.[1] *Leite*, 749 F.3d at 1117.

Accordingly, the Court finds that Serco satisfies the third element.

### C. Procedure of Removal

Because the Court finds that Serco may invoke 28 U.S.C. § 1442, Serco need not obtain the consent of the other defendants for removal. *See Durham*, 445 F.3d at 1253. Moreover, it is immaterial that Plaintiffs' claims arise out of state law. *See id.* Serco has met all procedural requirements for removal under the Federal Officer Removal Statute.

## V. CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer                VRV

---

[1] The Court notes that the merits of the defense are immaterial here. At this stage, it is relevant only that the preemption defense is colorable. *See Leite*, 749 F.3d at 1123.